# State of Vermont v. Paul M. Beckley

[600 A.2d 294]

No. 91-018

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed October 11, 1991

*Matthew E.C. Pifer* and *Theresa St. Helaire*, Bennington County Deputy State's Attorneys, Bennington, for Plaintiff-Appellant.

*Mark R. Butterfield* of *Candon and Butterfield*, Rutland, for Defendant-Appellee.

**Dooley, J.** The State brings this interlocutory appeal from an order of the Bennington District Court suppressing the confession of the defendant-appellee, Paul M. Beckley, to a number of burglaries. The question certified for our review is as follows:

> On a totality of the circumstances did the trial court's determination that among other things the interrogating officer's promise to inform the State's Attorney about the defendant's cooperation rendered the defendant's subsequent confession involuntary?

We answer the question in the negative with respect to the oral confession given by defendant, but further conclude that the fact-finding was insufficient to answer the question with respect to his written confession, and remand.

The following facts were found by the trial court: A Manchester police officer investigating a number of apparently related burglaries suspected defendant's involvement. He left a message with defendant's employer, and a note in defendant's car, requesting that defendant come down to the police station to discuss the burglaries. The note read that "[i]t would be in [defendant's] best interest to come in . . . ."

Defendant did go to the police station, where first the officer read him his *Miranda* rights. Defendant indicated he was willing to speak without an attorney present and signed a written *Miranda* waiver. The officer then told defendant that he would convey defendant's cooperativeness to the state's attorney. In the interrogation that followed, defendant first denied any wrongdoing, but ultimately admitted committing a number of offenses, including the burglaries being investigated. Defendant was then told by the officer that if defendant's information was "good," the officer would lodge against him only three of six chargeable offenses, and not ask the state's attorney to press for jail time. Subsequent to these remarks by the officer, defendant signed a statement that had been typed up from notes taken by the officer during defendant's oral confession.

The State argues, first, that the court's findings of fact were erroneous because the officer did not tell defendant that he would convey defendant's cooperativeness to the state's attor-

ney until *after* defendant began his oral confession. We are generally reluctant to resolve challenges to courts' pretrial fact-finding in interlocutory appeals because of the possibility that positions on relevant facts will change at trial. See *State v. Dubois*, 150 Vt. 600, 603, 556 A.2d 86, 88 (1988). Furthermore, the factual dispute here is outside the scope of the certified question. We recognize, however, that our review is not necessarily limited to the particular legal question certified to us, *In re W.H.*, 144 Vt. 595, 600, 481 A.2d 22, 26 (1984), and that the certified question provides a "'landmark, not a boundary,'" and so we will address other issues when necessary. *Id.* (quoting *State v. Carpenter*, 138 Vt. 140, 146, 412 A.2d 285, 289 (1980)). It is unnecessary here to resolve the factual dispute because we conclude that regardless of the timing of the particular statement by the officer, it alone was not enough to render the defendant's confession involuntary.

■ Whether true or false, a confession given involuntarily is inadmissible in a criminal trial. *State v. Zehner*, 142 Vt. 251, 253, 453 A.2d 1126, 1127 (1982). It is the State's burden to show, by a preponderance of the evidence, that the accused confessed voluntarily. *State v. Caron*, 155 Vt. 492, 504, 586 A.2d 1127, 1133 (1990). A confession is voluntary only if "the product of [defendant's] rational intellect and . . . unfettered exercise of free will." *Zehner*, 142 Vt. at 253, 453 A.2d at 1127 (citing *Malloy v. Hogan*, 378 U.S. 1, 8 (1964)). It is settled law that a confession is inadmissible as involuntary if "obtained by any direct or implied promises, however slight." *Bram v. United States*, 168 U.S. 532, 542–43 (1897). In order to make the ultimate determination of voluntariness, a court must look at the confession in the light of the "totality of the circumstances." *State v. Stanislaw*, 153 Vt. 517, 532, 573 A.2d 286, 295 (1990).

■ ■ We have never ruled directly on whether a law enforcement agent's offer to convey the fact of a suspect's cooperativeness to the prosecutor is such a promise that would render the suspect's subsequent confession involuntary. But we agree with the numerous federal courts and state supreme courts that have held that, alone, such a statement does not. See, e.g., *Williams v. Johnson*, 845 F.2d 906, 909 (11th Cir. 1988); *United States v. Fraction*, 795 F.2d 12, 14 (3d Cir. 1986), and cases cited therein; *Commonwealth v. Williams*, 388 Mass. 846, 855, 448

N.E.2d 1114, 1121 (1983). In this context, a statement by a police officer that would taint a confession "is not a general statement about the value of cooperation but a promise that cooperation by the defendant will aid the defense or result in [leniency]." *Commonwealth v. Williams*, 388 Mass. at 855, 448 N.E.2d at 1121. The officer's statement that he would convey defendant's cooperativeness to the state's attorney was insufficient by itself to make a subsequent confession involuntary.

The trial court found that the officer did more than promise to convey defendant's cooperation. There were other relevant statements made by the officer to the defendant—that if the defendant's facts were "good," the officer would not charge three of the admitted offenses, and that the officer would not recommend jail time. We agree with the trial court that, in the totality of the circumstances, a confession induced by a promise by a law enforcement agent to lessen charges or seek lighter punishment is involuntary. See *State v. Rhiner*, 352 N.W.2d 258, 264 (Iowa 1984) (confession given after officer told defendant his failure to cooperate might result in additional charges was involuntary); *State v. Strain*, 779 P.2d 221, 226 (Utah 1989) (if induced by promise that only second- rather than first-degree murder would be charged, confession was involuntary). The problem with the court's determination that these statements tainted defendant's confession in its entirety, however, is the timing of the critical statements. Neither party disputes the court's finding that they were made *after the oral confession.*

■ In order to find a confession involuntary in this context, we must find both that a promise was made and that the promise was a factor inducing the confession. See *State v. Hensley*, 137 Ariz. 80, 87, 669 P.2d 58, 65 (1983); *People v. Conte*, 421 Mich. 704, 741, 365 N.W.2d 648, 663 (1984) (setting up two-prong test for voluntariness determination). We cannot find that promises made by the officer after defendant's oral confession induced that confession even though they preceded the signing of the typed statement. See *United States v. Brandon*, 467 F.2d 1008, 1011 (9th Cir. 1972) (promise of release on own recognizance could not have induced defendant's confession, which preceded it); *Rowe v. State*, 421 So. 2d 1352, 1355 (Ala. Crim. App. 1982) (since defendant had already completed oral confession, offer by police could not have induced subsequent

taped and written confessions); *Swanier v. State*, 473 So. 2d 180, 187 (Miss. 1985) (assurances made to defendant could not render his subsequent confession involuntary as defendant had already made an inculpatory statement to his grandfather, who was a police captain).

We will uphold a trial court's ruling on the voluntariness of a confession unless that conclusion is unsupported by the evidence or is clearly erroneous. See *Stanislaw*, 153 Vt. at 532, 573 A.2d at 295. We find that the record here does not support the suppression of defendant's oral confession. The general statement that the officer would convey defendant's cooperation to the prosecutor is insufficient to support suppression of the oral confession. The remaining statements came after the oral confession and could not have induced it. We therefore reverse as to the oral confession.

Our conclusion on the oral confession does not necessarily determine the issue of the written confession. The critical promises preceded this confession and could be found to have induced it. Reducing the oral confession to a writing signed by defendant improves the quality of the State's evidence against defendant. The jury could find that defendant, in signing the document, acted in a more deliberative fashion than when he gave an oral statement. The possibility that the officer's assurances may have induced defendant's signature should not prevent the State from using defendant's oral confession. See *State v. Breznick*, 134 Vt. 261, 265, 356 A.2d 540, 542 (1976) (refusal to sign waiver of rights form or written confession does not alone render waiver of rights involuntary). However, if the signature is tainted by the promises, the document itself should not be given to the jury to bring into its deliberations. See *People v. Mims*, 204 Ill. App. 3d 87, 93, 561 N.E.2d 1101, 1106 (1990) (although testimony regarding substance of confession was validly admitted, typed confession should not have been admitted where defendant had refused to sign it). We are concerned by the "undue weight that jurors may accord the written word, especially when they must rely on their memories alone when considering the oral testimony." *Id.*

We cannot find, however, that the trial court recognized the critical difference between the written and oral confessions. Since it suppressed both confessions, it never determined

whether the impermissible promises caused defendant to sign the written confession. We remand for this finding.

*Reversed in part, and remanded.*