# In re Michael Robinson

[641 A.2d 779]

No. 93-174

Present: Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.

Opinion Filed April 15, 1994

*Charles Martin* and *James Teixeira*, Law Clerk, of *Martin & Paolini*, Barre, for Petitioner-Appellant.

*Scot Kline*, Chittenden County State's Attorney, and *Pamela Hall Johnson*, Deputy State's Attorney, Burlington, for Respondent-Appellee.

**Allen, C.J.** Petitioner appeals from the superior court's denial of his petition for post-conviction relief, in which he claims that defense counsel's failure to object to the admission of his inculpatory statement on state constitutional grounds constituted ineffective assistance of counsel and required reversal of his conviction for lewd and lascivious conduct with a child. We affirm.

During a routine booking procedure, after being arrested and read his rights, petitioner blurted out the following unresponsive statement: "I didn't think anything like this would happen again." The State sought to introduce petitioner's comment as an admission that he had committed the crime charged. Defendant moved to suppress the statement on the ground that it had been given involuntarily. Among the relevant findings made by the motion judge were the following: (1) the comment was spontaneous and unrelated to statements made by the officers; (2) the officers did nothing improper to overcome petitioner's will; (3) petitioner had been an outpatient at a mental health clinic for three years; (4) he had been diagnosed as having schizophrenia and major depression with psychotic features; (5) on occasions, he suffered from delusions of persecution and grandeur, and his depression sometimes interfered with his ability to cope with stressful situations; and (6) his mental health counselor testified that he was very stressed during the booking procedure, but the counselor could not say whether the spontaneous comment was the product of petitioner's psychosis.

Based on these findings, the motion judge concluded that the State had not met "its burden of proving that [petitioner's] mental condition was such that rendered his statements admis-

sible." The court, however, denied the motion to suppress with respect to the comment at issue here, noting that under federal law a suspect's mental condition alone, absent coercive police conduct, is insufficient to exclude a statement on involuntariness grounds, see *Colorado v. Connelly*, 479 U.S. 157, 167 (1986), and that petitioner had not adequately raised the issue of whether a different standard should be adopted under the Vermont Constitution. Defendant renewed his motion at a pretrial status conference. In the absence of new evidence concerning voluntariness, the trial judge sustained the motion judge's ruling, but commented that he believed the statement was volunteered.

Petitioner was convicted and appealed to this Court. We rejected his attempts to distinguish *Connelly*, and declined to reach his argument that we should reject the reasoning of *Connelly* under the Vermont Constitution because he failed to raise that issue below. *State v. Robinson*, 158 Vt. 286, 294–95, 611 A.2d 852, 856 (1992). Petitioner then sought post-conviction relief based on his trial attorney's failure to challenge admission of the statement under the Vermont Constitution. The parties filed opposing summary judgment motions, and the superior court denied the petition. Noting that there was "no evidence suggesting that [petitioner] was suffering from a mental disease or defect at the time of his arrest" or that the spontaneous utterance was anything but the free and voluntary expression of petitioner's will, the court ruled there was no showing of prejudice because the statement would have been admissible even if defense counsel had challenged its admission under the Vermont Constitution.

On appeal, petitioner argues that the superior court correctly presumed that defense counsel's failure to raise the state constitutional issue constituted ineffective assistance of counsel. He argues, however, that the court erred in concluding that the statement would have been admissible under the Vermont Constitution because this Court has never required a threshold showing of police misconduct. The State argues that there is no prejudice because the statement is admissible under the Vermont Constitution, and because, even if it is not, admission of the statement was harmless in light of the substantial evidence of guilt.

■ In a post-conviction-relief hearing, the ultimate inquiry is whether the petitioner received a fair trial. *In re Cohen*, 161 Vt. 432, 434, 640 A.2d 34, 36 (1994). To obtain post-conviction relief based on a claim of ineffective assistance of counsel, a petitioner must show "(1) that counsel's representation fell below an objective standard of reasonableness, and (2) that the deficiencies in counsel's representation were prejudicial." *Id.* at 434, 640 A.2d at 36. To demonstrate prejudice, the petitioner "'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.* at 435, 640 A.2d at 36 (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).

We do not reach the question of whether trial counsel's failure to raise the state constitutional issue was ineffective assistance of counsel, cf. *id.* at 435, 640 A.2d at 37, because the State does not challenge the court's conclusion on this point, and the appeal can be resolved on other grounds. Rather, we assume arguendo that there was ineffective assistance of counsel, and affirm the court's conclusion that petitioner has failed to show actual prejudice because the statement was voluntary and thus admissible under the Vermont Constitution.

■ Petitioner argues that the superior court was bound by the motion judge's conclusion that the State had failed to show his mental condition rendered the comment admissible. We disagree. In the context of a post-conviction-relief proceeding, the superior court may make an independent evaluation on the ultimate issue of voluntariness. Our post-conviction-relief statute, 13 V.S.A. § 7131, is patterned after the federal post-conviction-relief statute, 28 U.S.C. § 2255. *In re Stewart*, 140 Vt. 351, 355, 438 A.2d 1106, 1107 (1981). The United States Supreme Court has held that, in post-conviction proceedings in federal court, the state court's subsidiary findings of fact that underlie its voluntariness determination are entitled to deference, but that the ultimate legal question of the voluntariness of a confession "is a matter for independent federal determination." *Miller v. Fenton*, 474 U.S. 104, 112 (1985); cf. *United States v. Brown*, 557 F.2d 541, 545 (6th Cir. 1977) (rejecting defendant's contention that state court's finding of involuntariness estopped federal

district court from finding confession voluntary). We see no reason to stray from this position in a state post-conviction-relief proceeding.

■ In determining the degree of deference due the trial court or motion judge in this area, it is important to distinguish between the court's ultimate conclusion regarding voluntariness and the underlying findings of fact that support its conclusion. While this Court on appeal, as well as the superior court in a post-conviction relief proceeding, will defer to the district court's findings of fact that have support in the record, neither court need defer to a determination of voluntariness in which the district court incorrectly applied the law to the facts. *Commonwealth v. Libran*, 543 N.E.2d 5, 8 (Mass. 1989); see *State v. DeAngelis*, 511 A.2d 310, 316 (Conn. 1986) (usual deference to trial court's findings is qualified by necessity for independent evaluation to determine whether finding of voluntariness is supported by substantial evidence). In this case, the superior court properly deferred to the motion judge's findings of fact, but not to its conclusion on voluntariness.

■ Further, while we recognize that the State had the burden to show by a preponderance of the evidence that the statement was voluntary, *State v. Beckley*, 157 Vt. 446, 448, 600 A.2d 294, 296 (1991), we emphasize that the State's burden goes to the ultimate question of voluntariness, not to every relevant factor in the totality-of-the-circumstances inquiry, including the defendant's mental condition. See *Libran*, 543 N.E.2d at 8 (although Commonwealth did not rebut testimony at hearing on motion to suppress regarding defendant's schizophrenic and depressive mental condition, judge was not precluded from ruling that statements were voluntary). Thus, the State was not required to prove that petitioner's "mental condition was such that rendered his statements admissible."

The motion judge's findings of fact, which indicate there was no evidence that petitioner's mental illness caused the spontaneous utterance, do not support his conclusion that the statement was inadmissible. Cf. *State v. Caron*, 155 Vt. 492, 505, 586 A.2d 1127, 1135 (1990) (trial court made specific findings regarding defendant's physical and mental state at time he confessed). The judge's conclusion on this point was brief and

unsupported, probably because of his focus and ultimate reliance on *Connelly*. In the post-conviction-relief proceeding, the superior court was entitled to revisit the question of whether the statement was voluntary. The superior court accepted the motion judge's underlying findings of fact, but concluded that, under the totality of the circumstances, the statement was voluntary and admissible under the Vermont Constitution. We agree with that conclusion.

In determining that the statement was voluntary, the superior court found that no evidence ever linked defendant's mental problems with his utterance at the police station. Indeed, the superior court noted that the motion judge had found that petitioner's own mental health counselor could not conclude that the spontaneous remark resulted from petitioner's psychosis. Absent such a nexus, a finding of involuntariness by the motion judge was not warranted. See *Commonwealth v. Benoit*, 574 N.E.2d 347, 353 (Mass. 1991) (fact that defendant may have been suffering from psychotic condition before and after statements were made does not compel conclusion that statements were involuntary); see also *DeAngelis*, 511 A.2d at 317 (fact that defendant had psychiatric disorder and was upset emotionally did not necessarily render statements involuntary; court must examine totality of circumstances); *State v. Damiano*, 474 A.2d 1045, 1048 (N.H. 1984) (mental illness does not necessarily render confession involuntary; court must examine totality of circumstances).

In light of the foregoing discussion, we uphold the superior court's conclusion that petitioner's statement in this particular instance was admissible as a voluntary utterance; therefore, we need not determine whether we will follow the *Connelly* holding under the Vermont Constitution. The only suggestion that this spontaneous and ambiguous utterance, made outside the context of police interrogation, was involuntary depends upon the conclusion that petitioner's mental illness caused him to make the remark against his free will. In the absence of any evidence showing a nexus between petitioner's illness and the remark, the statement was admissible as a voluntary utterance. Cf. *State v. Harvey*, 145 Vt. 654, 655–56, 658, 497 A.2d 356, 357, 358 (1985) (substantial evidence indicated "berserk" defendant

was "completely without capacity" to voluntarily waive his constitutional rights following arrest 45 minutes after shooting); *United States v. Gordon,* 638 F. Supp. 1120, 1147 (W.D. La. 1986) (confession was voluntary where defendant was diagnosed as suffering from various mental disorders but was not "out of touch with reality" at time confession was made). Because the statement was admissible as a voluntary utterance, see *State v. Badger,* 141 Vt. 430, 451, 450 A.2d 336, 348 (1982) (Vermont Constitution prohibits admission of involuntary confessions), petitioner cannot show he was prejudiced, even assuming his counsel was ineffective for failing to argue that *Connelly* should not be adopted under the Vermont Constitution.

*Affirmed.*