STATE of Vermont v. Albert NUNEZ

[647 A.2d 1007]

No. 92-467

June 17, 1994.

Defendant first argues that the trial court erred in failing to sever the two burglary counts. The trial court denied the motion to sever because the burglar-

ies were part of a common plan to extract revenge against Falzarano, as alleged by the State. Notwithstanding the merits of defendant's argument, defendant failed to renew his severance motion at the close of the evidence as required by V.R.Cr.P. 14(b)(4)(B). Consequently, he has waived his right to raise the issue on appeal. See *State v. Venman*, 151 Vt. 561, 566–67, 564 A.2d 574, 578–79 (1989) (failure to renew motion to sever at close of evidence, when all relevant facts known, waives any right to argue severance on appeal).

Second, defendant argues that the court erred in admitting a statement made by defendant to Reverend George Abetti. During a telephone conversation initiated by defendant, Reverend Abetti, Falzarano's minister, informed defendant that Falzarano's home had been burglarized, to which defendant replied: "Well, to tell you the truth, I was only trying to scare the hell out of her." Defendant sought to have this statement excluded under V.R.E. 505(b), which provides that "[a] person has a privilege to . . . prevent another from disclosing a confidential communication by the person to a clergyman in his professional character as a spiritual adviser." Defendant bore the burden of demonstrating that his statement to Reverend Abetti was a privileged one. See *State v. Kennison*, 149 Vt. 643, 648, 546 A.2d 190, 193 (1987) (person claiming attorney-client privilege bears burden of establishing that communication was privileged), *cert. denied*, 486 U.S. 1011 (1988). However, defendant failed to show he made this statement to Reverend Abetti acting in a capacity as defendant's spiritual adviser. Neither the fact that defendant initiated the telephone call nor that the communication could be construed as a penitent statement in confession to a crime overcomes the absence of this essential element of the privilege.

Third, defendant argues that the court erred in admitting statements he made to a state police officer during an October 1988 telephone conversation after defendant invoked his right to remain silent, but was told by the officer that this right did not apply outside of the courtroom. During this conversation, defendant made a number of statements later proved false in attempting to establish his alibi for the burglaries. The officer's erroneous legal opinion, however, is not conclusive as to the admissibility of defendant's statements. Defendant attempts to paint this as a case in which the officer's statement was intentional misinformation used to elicit incriminating evidence, tantamount to the use of "threats, improper influence, or physical or psychological pressure to extract a confession." *State v. Zehner*, 142 Vt. 251, 253, 453 A.2d 1126, 1127 (1982). This characterization ignores that fact that defendant's telephone call to the officer was entirely voluntary, and that defendant did not confess to the crimes during the conversation. There was no error in admitting defendant's statements.

Fourth, defendant argues that the court erred in denying his motion for acquittal on the burglary charges. Emphasizing that the State's case was based entirely on circumstantial evidence, defendant argues that the State failed to exclude every reasonable hypothesis of innocence. Defendant's argument is based on the theory that special standards are required to evaluate prosecutions based on circumstantial evidence; however, this Court specifically rejected that proposition in *State v. Derouchie*, 140 Vt. 437, 445, 440 A.2d 146, 149–50 (1981). Accordingly, in reviewing the denial of defendant's motion for acquittal, we will view the evidence in the light most favorable to the State. *State v. Elkins*, 155 Vt. 9, 17–18, 580 A.2d 1200, 1204 (1990). Viewed in this manner, we conclude that the evidence on both burglaries was detailed, probative and ample in quantity. Therefore, defendant's motion was properly denied.

Fifth, defendant complains that the prosecutor was allowed to claim in closing argument that a witness identified defendant at the scene of one of the burglaries when, in fact, the witness could not identify defendant as the person observed. Actually, the prosecutor stated only that the witness observed a person who "resembled" defendant. This was a fair comment on the evidence.

Finally, with respect to the assault charge, defendant claims that the court erred in failing to instruct the jury that defendant acted in self-defense. A court's obligation to charge on a defendant's theory is limited to situations in which there is evidence supporting the theory. See *State v. Wright*, 154 Vt. 512, 518–19, 581 A.2d 720, 724–25 (1989) (no error in court's failure to instruct on lesser-included offenses when no evidence that would support such instruction), *cert. denied*, 498 U.S. 1032 (1991); *State v. Drown*, 148 Vt. 311, 312–13, 532 A.2d 575, 577 (1987) (per curiam) (reversible error for court to fail to charge on defense theory that, despite weaknesses, had evidentiary support). The victim testified to the events on which the assault charge was based, and her testimony was supported by that of police officers. Defendant testified on his own behalf, but had no memory of the events surrounding the assault. While there was evidence that defendant's glasses were broken during the confrontation, defendant produced no other evidence to support his allegation of self-defense. There was no error in court's refusal to charge self-defense.

*Affirmed.*