2008 VT 33

**STATE of Vermont v. Ryan J. BRINK**

[949 A.2d 1069]

No. 06-517

*Keller*, J.

¶ 1. March 14, 2008. Defendant appeals his convictions for sexually assaulting his stepdaughter, J.L., and enabling her consumption of alcohol. He asserts that the district court erred by permitting the State to introduce hearsay statements as prior consistent statements and violated his confrontation rights by permitting the

complaining witness to write down her accusation instead of giving oral testimony. Defendant further asserts that the court should have granted his motion for judgment of acquittal because the evidence against him was insufficient to establish his guilt beyond a reasonable doubt. We affirm.

¶ 2. On March 27, 2006, defendant was charged with sexual assault of his stepdaughter, J.L., pursuant to 13 V.S.A. § 3252(c),* and with enabling the consumption of alcohol by J.L., pursuant to 7 V.S.A. § 658(a)(2). Prior to trial, defendant filed a motion in limine to prohibit the State from introducing J.L.'s prior corroborating statements about the sexual assault through testimony of her boyfriend. Specifically, defendant argued that the proffered statements did not meet the criteria for prior consistent statements set forth in Vermont Rule of Evidence 801(d)(1)(B) and *State v. Roy*, 140 Vt. 219, 227, 436 A.2d 1090, 1094 (1981), and therefore were inadmissible hearsay. Defendant asserted that the statements made by J.L. to her boyfriend were not consistent with her trial testimony and that the State could not show the prior statements were made before J.L.'s motive to fabricate arose. The court heard oral argument on the motion on the morning of the trial and indicated that it would preliminarily allow the disputed testimony subject to its development at trial.

¶ 3. At trial, the State called J.L. as its first witness. The court, over the defendant's objection, allowed J.L. to provide a written response to the State's question about which part of defendant's body was touching her when she awoke to find defendant on top of her. When J.L. was unable to read what she wrote for the jury, the court further permitted the

state's attorney to ask her: "Ryan's penis was in my vulva, is that what you wrote, yes or no?" J.L. responded, "Yes." The State next called J.L.'s boyfriend to the stand. He testified without objection by the defendant that, in October or November of 2004, J.L. told him that defendant had gotten her drunk and raped her. Following the defense's presentation of evidence, the jury found defendant guilty of sexual assault and enabling the consumption of alcohol by a minor.

¶ 4. After trial, defendant filed a motion for judgment of acquittal and new trial contending that: (1) the State did not provide sufficient evidence to prove defendant's guilt beyond a reasonable doubt, see V.R.Cr.P. 29(c) (allowing the court to set aside a guilty verdict if the evidence is insufficient to sustain a conviction), and (2) the court erroneously admitted the hearsay testimony of J.L.'s boyfriend, see V.R.Cr.P. 33 (requiring a new trial when the interests of justice so demand). The court denied the motion, finding that J.L.'s testimony alone was adequate to rebut defendant's claim of insufficiency. The court further ruled that the testimony of J.L.'s boyfriend satisfied the requirements for prior consistent statements under V.R.E. 801(d)(1)(B). This appeal followed.

¶ 5. Defendant now claims that the trial court committed reversible error with regard to three rulings. He argues that the court erred by: (1) permitting the State to introduce J.L.'s statements to her boyfriend as prior consistent statements, (2) violating his confrontation rights by permitting J.L. to provide a written accusation rather than oral testimony, and (3) denying his motion for judgment of acquittal where the State's evidence was insufficient to establish his guilt beyond a reasonable doubt.

¶ 6. Defendant's first argument — that J.L.'s prior statements to her boyfriend did not corroborate her in-court testimony and were not made before her

---

* The original docket entry cited a violation of 13 V.S.A. § 3252(a)(3), which was the statutory provision alleging the same conduct prior to the 2006 amendments.

supposed motive to falsify arose — was not preserved at trial and, therefore, will not be addressed on the merits. We have, on numerous occasions, stressed that we will not decide issues that have not been properly preserved for appeal. See, e.g., *In re White*, 172 Vt. 335, 343, 779 A.2d 1264, 1270 (2001). "To properly preserve an issue for appeal a party must present the issue with specificity and clarity in a manner which gives the trial court a fair opportunity to rule on it." *Id.* (quotation and citation omitted).

¶ 7. Vermont Rule of Evidence 103(a) requires a "timely objection or motion to strike" to preserve a claim of error on a ruling admitting evidence. Under the 2004 amendments, a "definitive" ruling on admissibility obviates the need for a renewed objection at trial. See Reporter's Notes, V.R.E. 103 (noting the intention to restore uniformity of practice in state and federal courts following the 2000 amendment to Federal Rule of Evidence 103). Where a court makes only a preliminary ruling, however, our precedent in *State v. Koveos* controls. In *Koveos*, we held that the defendant had an obligation to object to deposition testimony at trial where the trial court had made only a preliminary ruling denying the defendant's motion in limine to exclude the testimony. 169 Vt. 62, 69, 732 A.2d 722, 727 (1999) ("A *denial* of a motion in limine seeking to exclude evidence is normally a preliminary ruling that 'does not . . . mean that the evidence is admissible.' ") (quoting *State v. Dubois*, 150 Vt. 600, 602, 556 A.2d 86, 88 (1988)); see also *United States v. Yu-Leung*, 51 F.3d 1116, 1120 (2d Cir. 1995) (requiring trial court to rule "without equivocation" in order for a motion in limine to preserve an issue for appeal). Here, the trial court made only a preliminary ruling on defendant's motion to exclude the testimony of J.L.'s boyfriend, and defendant did not reassert his objection to the testimony at trial. Therefore, defendant failed to preserve the issue for appeal by not raising a timely objection as required by V.R.E. 103, and we decline to review it.

¶ 8. Defendant's second claim of error is not supported by the record. He asserts that the trial judge violated his confrontation rights by allowing the State to read J.L.'s written testimony to the jury in lieu of oral testimony. We have long recognized that the Confrontation Clause of the Sixth Amendment to the Federal Constitution and Chapter I, Article 10 of the Vermont Constitution provide a criminal defendant with " 'the right physically to face those who testify against him, and the right to conduct cross-examination.' " *State v. Roberts*, 154 Vt. 59, 65-66, 574 A.2d 1248, 1250-51 (1990) (quoting *Pennsylvania v. Ritchie*, 480 U.S. 39, 51 (1987)). Defendant received both protections in the present case. First, defendant and his counsel retained an uninhibited view of J.L. and her demeanor throughout her testimony as required by the Confrontation Clause. *State v. Lipka*, 174 Vt. 377, 383, 817 A.2d 27, 33 (2002) (citing *Maryland v. Craig*, 497 U.S. 836, 851 (1990) (requiring, at minimum, the opportunity "to view . . . the demeanor (and body) of the witness as he or she testifies"). As such, defendant's reliance on *Coy v. Iowa*, 487 U.S. 1012 (1988), and *Lipka* is misplaced because, in both cases, the testifying witnesses were placed out of the defendant's sight. Second, defendant retained a full opportunity for contemporaneous cross-examination of J.L., which provided him greater rights than guaranteed by the Confrontation Clause. *State v. Raymond*, 148 Vt. 617, 620-21, 538 A.2d 164, 166 (1987) ("The 'Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.' " (quoting *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985))). Defendant had a full opportunity to explore J.L.'s reluctance to provide an oral accusation on cross-examination.

¶ 9. The circumstances here are similar to those in *Maryland v. Craig*, where the

Supreme Court upheld a Maryland statute that permitted testimony by alleged child abuse victims by one-way, closed circuit television because the defendant was able to view the witness's testimony by video monitor and conduct contemporaneous cross-examination. 497 U.S. at 851-52. In the present case, the trial court required J.L. to provide her testimony, including her written accusation, in full view and awareness of defendant. Therefore, the trial court acted within its discretion when it permitted the State to read J.L.'s testimony to the jury. See V.R.E. 611(a) (granting trial court "reasonable control over the mode and order of interrogating witnesses and presenting evidence" to "protect witnesses from harassment or undue embarrassment").

¶ 10. Finally, we reject defendant's argument that the trial court erred in denying his motion for judgment of acquittal. Defendant claims that the evidence presented by the State contained significant inconsistencies which made it impossible for a reasonable trier of fact to be convinced of defendant's guilt beyond a reasonable doubt. On review of a denial of a motion for judgment of acquittal, we must determine "whether, taking the evidence in the light most favorable to the state and excluding modifying evidence, the state has produced evidence fairly and reasonably tending to show the defendant guilty beyond a reasonable doubt." *State v. Goodhue*, 2003 VT 85, ¶ 4, 175 Vt. 457, 833 A.2d 861 (quotation omitted). Under this standard, where the victim testifies as to all elements of the charges against a defendant, we "need only recount the victim's testimony" concerning the charges to rebut a claim of error. *State v. Prior*, 174 Vt. 49, 53, 804 A.2d 770, 773 (2002); see also *State v. Turner*, 2003 VT 73, ¶ 7, 175 Vt. 595, 830 A.2d 122 ("A judgment of acquittal is proper only if the State has failed to put forth any evidence to substantiate a jury verdict."). At trial, J.L. testified that defendant provided her with whiskey to drink, and later, after she had fallen asleep, engaged in a sexual act with her involving penis and vulva contact. She further testified that she was fourteen years old and not married to defendant at the time the alleged sexual act occurred. The State's evidence, while fraught with inconsistencies, was sufficient on the elements of the crimes for a reasonable trier of fact to conclude that defendant "knowingly enable[d] the consumption of malt or vinous beverages or spirituous liquors by a person under the age of 21," pursuant to 7 V.S.A. § 658(a)(2), and "engage[d] in a sexual act with a child who is under the age of 16," pursuant to 13 V.S.A. § 3252(c). See *Prior*, 174 Vt. at 53, 804 A.2d at 773 (holding that victim's testimony provided sufficient evidence to convict the defendant of assault with a deadly weapon under 13 V.S.A. § 1021(3)). Thus, the trial court did not abuse its discretion in denying defendant's motion for judgment of acquittal.

*Affirmed.*