2010 VT 113

### DARTMOUTH COLLEGE v. Leslie Kevin KOZACZEK

[19 A.3d 1236]

No. 10-059

¶ 1. December 8, 2010. Defendant appeals a superior court order granting plaintiff's motion for summary judgment and motion to dismiss defendant's counterclaims. This appeal arises out of a collections action in which plaintiff, Dartmouth College, alleges defendant owes it $17,743 plus interest under three student loans. At trial, defendant claimed he did not owe these funds and that plaintiff had "misrepresented which components of [his financial aid] were grants

and which were loans." Defendant, however, failed to contest plaintiff's requests to admit, and the trial court accepted plaintiff's allegations pursuant to Vermont Rules of Civil Procedure 36 and 37. Based on those admissions, the trial court found no genuine issues of material fact and granted summary judgment for plaintiff. On appeal, defendant claims the trial court erred in its evidentiary findings, made improper legal determinations, and acted with bias in this ruling.[*] We conclude that the trial court acted properly and within its discretion, and therefore affirm.

¶ 2. Summary judgment is appropriate when there is no issue of material fact and the moving party is entitled to judgment as a matter of law. V.R.C.P. 56(c)(3). In reviewing the superior court's order granting plaintiff's motions for summary judgment, we apply the same standard as the trial court, viewing the facts in the light most favorable to defendant, the nonmoving party. See *Robertson v Mylan Labs., Inc.*, 2004 VT 15, ¶ 15, 176 Vt. 356, 848 A.2d 310. So viewed, the relevant facts are as follows. On March 24, 2008, plaintiff served defendant with a complaint seeking to collect sums due on three student loans. On appeal, defendant makes several procedural attacks on the validity of this complaint. He first contends that plaintiff failed to file its complaint in conformance with Rule 3 of the Vermont Rules of Civil Procedure, which expects filing "within 20 days after the completion of service upon the first defendant served." V.R.C.P. 3. Plaintiff concedes that it filed nine days late and failed to conform to Rule 3. However, defendant did not file any motion for dismissal on

this basis at trial, and as such his claim was waived and is inappropriate for review on appeal. *Vastano v Killington Valley Real Estate*, 2010 VT 12, ¶ 10, 187 Vt. 628, 996 A.2d 170 (mem).

¶ 3. Defendant next contends that plaintiff's complaint was not in conformance with Rule 5(f) because it failed to identify the plaintiff or the jurisdiction in which plaintiff resides. See V.R.C.P. 5(f). Defendant claims that because the complaint was improperly formed the trial court erred in assuming jurisdiction over it. Defendant seems to argue that a complaint which fails to state a plaintiff's domicile cannot invoke state court jurisdiction. We conclude the errors alleged are not fatal and do not require dismissal.

¶ 4. Preliminarily, state courts are forums of general jurisdiction, and thus always have jurisdiction unless the state court is one with limited jurisdiction as defined by statute or the matter is one in which federal court jurisdiction is exclusive. *State v Philip Morris USA Inc.*, 2008 VT 11, ¶ 5, 183 Vt. 176, 945 A.2d 887. Secondarily, the Rule 5(f) defects of which defendant complains were corrected in plaintiff's amended complaint. We are not persuaded by defendant's argument that the grant of plaintiff's request to amend "fatally and preemptively sabotaged" his claims. Under Rule 15(a), "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." V.R.C.P. 15(a). Plaintiff filed its motion to amend simultaneously with its complaint. The amendment was thus filed prior to any responsive motion to the complaint and allowable as a matter of course under Rule 15(a). Because Vermont allows for liberal amendment of pleadings, and because plaintiff was entitled to amendment once as a matter of course, the trial court did not abuse its discretion when it granted plaintiff's motion for leave to amend. *Hunters, Anglers & Trappers Ass'n of Vermont, Inc. v. Winooski Valley*

[*] To the extent that defendant raises other arguments, his brief is so inadequate that we cannot discern and do not address them on appeal. *Johnson v. Johnson*, 158 Vt. 160, 164 n.*, 605 A.2d 857, 859 n.* (1992); see V.R.A.P. 28(a).

*Park District*, 2006 VT 82, ¶ 7, 181 Vt. 12, 913 A.2d 391.

¶ 5. Defendant also maintains that the trial court improperly based its decision to grant leave to amend on information not raised in the pleadings; however, we find no merit in this argument. Plaintiff sought leave to amend because its "original complaint overstated the amount due" and it was "[o]nly upon closer review" that plaintiff discovered its error. The trial court granted the motion for plaintiff to correct these "typographical errors." Defendant intimates that by granting the motion on the grounds of "typographical errors," the trial court considered evidence beyond the record. We disagree. The court was not addressing the validity of plaintiff's assertions. Plaintiff had no need to prove why it wanted to decrease the award. Rule 15(a) requires that a party be given leave to amend when justice so requires, and it is indisputable that justice would require allowing a party to amend to correct the amount owed *in favor* of a defendant. See V.R.C.P. 15(a).

¶ 6. Defendant next argues that the lower court erroneously allowed plaintiff to commence this action twice and that plaintiff failed to serve a summons and complaint in the second action. According to defendant, the complaint served on him on March 24, 2008, was "Complaint #1," and the complaint filed on April 22, 2008, was "Complaint #2." In arguing that these are two separate complaints, defendant references Rule 3, which provides for two methods of commencement of action — one by service and one by filing. V.R.C.P. 3. According to defendant, plaintiff has done both, and thus has essentially commenced the ·action twice, once by service and once by filing. Defendant further claims that the action commenced by filing on April 22, 2008 was never perfected because "[w]hen an action is commenced by filing, summons and complaint must be served upon the defendant within 60 days," V.R.C.P. 3, and this was never done.

¶ 7. Defendant's argument misconstrues Rule 3. Defendant is correct that there are two ways to commence an action; however, he fails to recognize the differences in the resulting procedure that must be followed once an action is commenced. Under Rule 3, an action is commenced either when the complaint is filed with the court or by service of summons and complaint. Rule 3 states that "[w]hen an action is *commenced by service*, the complaint must be filed with the court within 20 days after the completion of service upon the first defendant served." V.R.C.P. 3 (emphasis added). Thus, when an action is commenced by service, the rule provides for filing thereafter. On the other hand, as defendant notes in his argument, when the action is *commenced by filing*, the rule instead provides for service thereafter. *Id.* Rule 3 thus provides for two forms of commencement, each including service and filing as requisites, only in different orders.

¶ 8. Here, plaintiff commenced the action by service on March 24, 2008, and its subsequent filing of the complaint on April 22, 2008, was done to conform to Rule 3's requirements. The lower court did not, as defendant contends, engage in an "unconventional indulgence of [plaintiff's] two mutually exclusive modes of commencing the action." Rather, the court followed the letter of Rule 3, which allows for commencement by service and requires a subsequent filing to perfect the action. For the reasons above, defendant's contentions that this action was improperly commenced are without merit.

¶ 9. Defendant also raises numerous issues with plaintiff's requests to admit. His first argument is that the requests did not explicitly require him to admit to anything and thus were "not responsive." This Court recognizes that defendant is not an attorney; however, plaintiff's requests to admit were properly formed and contained several statements that put defendant on notice that he was required

to respond. The document is titled in bold capitals: "PLAINTIFF'S FIRST *RE-QUESTS* TO *ADMIT* TO DEFENDANT LESLIE K. KOZACZEK." (emphasis added). The document goes on to direct defendant: "When *answering* the Requests·to Admit be sure to *answer* them completely as required V.R.C.P. 36." (emphasis added).

¶ 10. Defendant also contends that the trial court "misrepresented [his] responses to [the] alleged Requests to Admit." This contention seems to rest primarily on defendant's belief that he "has never admitted in this 'action' to receiving any money from plaintiff." But, under Rule 36, a party's failure to deny allegations in requests to admit acts as an admission, *Gallipo v. City of Rutland*, 2005 VT 83, ¶ 21, 178 Vt. 244, 882 A.2d 1177; V.R.C.P. 36, and here, defendant failed to deny plaintiff's allegations not once, but twice. Upon receipt of the first requests to admit, defendant answered each with the phrase: "This is not a request to admit," rather than responding to the substance of the questions. Defendant later explained that he answered each request to admit in this manner because plaintiff had not begun each of its requests with a phrase such as "do you admit?" Contrary to defendant's assumption, he must directly respond to plaintiff's statements or they will be deemed admitted as true. V.R.C.P. 36(a); *Gallipo*, 2005 VT 83, ¶ 21.

¶ 11. Plaintiff's requests stated explicitly "FAILURE TO RESPOND TO THESE REQUESTS IN THE MANNER REQUIRED . . . WILL BE DEEMED AN ADMISSION OF THE ALLEGATIONS SET FORTH HEREIN." When plaintiff initially moved for summary judgment on November 24, 2008, the trial court would have been fully within its discretion to grant plaintiff's motion and dismiss the case because of defendant's failure to dispute the requested admissions. However, the court, out of consideration for the difficulties faced by a self-represented party, used its discretion to give defendant another chance, and ordered as follows:

> The [c]ourt understands that the defendant is representing himself. He is, nevertheless, expected to sufficiently attempt to familiarize himself with the appropriate rules so as to at least make a good faith effort to proceed as required by court rules.

> Granting of plaintiff's motion will, however, at this premature stage end the current litigation without any hearing on the merits. It is clear that defendant disputes plaintiff's claims and should be given the opportunity within reasonable limits to litigate the matter fully. Granting judgment to plaintiff based upon defendant's failure to properly answer request to admit at this stage, based upon defendant's apparent lack of familiarity with this obligations in response to requests to admit, is not appropriate.

The trial court gave defendant an additional 30 days to respond, directing him as follows:

Defendant must respond to each such statement of alleged fact with one of the following responses which must be truthful:

1. I admit the statement is completely true;

2. I deny the entire statement;

3. I admit that part of the statement (identifying which part) is true and the remainder is denied; or

4. I cannot state whether the fact(s) is (are)

true or false, after I have made reasonable inquiry and that the information known or made available to me is insufficient to enable me to admit or deny, that is, to acknowledge statement of fact to be true or false.

After outlining these possible responses for defendant, the court attached a copy of Rule 36 and Rule 56 to the order for defendant's benefit.

¶ 12. Defendant complains that the response choices outlined by the lower court "summarily barr[ed] [him] from availing himself of all of the lawful choices pursuant to responses to Requests to Admit." Specifically, he notes that Rule 36 allows for objections and argues that the trial court's instructions barred him from responding with objections. But nowhere in the trial court's order does it purport to bar objections; it merely demonstrates how defendant must respond when making *responses*. On the other hand, when defendant is making *objections*, Rule 36 requires that "[i]f objection is made, the reasons therefor shall be stated." V.R.C.P. 36(a). Furthermore, to properly preserve an issue for appeal a party must present the issue with specificity and clarity in a manner which gives the trial court a fair opportunity to rule on it. *State v. Brink*, 2008 VT 33, ¶ 6, 183 Vt. 603, 949 A.2d 1069 (mem.). Defendant's initial responses to the requests to admit included the statement "This is not a request to admit"; his second responses were modified to include the word objection, "OBJECTION: This is not a request to admit." Defendant's objections were not made with sufficient specificity for the trial court to make any meaningful determination, and on the record presented, we see no basis for defendant's objections. The trial

court, responding to defendant's position on summary judgment, offered appropriate guidance in how to answer properly so that his next response would not automatically result in summary judgment for plaintiff. Defendant failed to deny allegations once again in his second response to the requests to admit and has failed to assert on appeal any legitimate basis for objections to the questions posed by plaintiff. The trial court concluded that "by reason of [d]efendant's continually evasive responses, [p]laintiff's Requests to Admit are deemed to have been established as undisputed facts."

¶ 13. The trial court was completely within its discretion to make this determination. See V.R.C.P. 36(b). Contrary to defendant's allegations that the court misrepresented his responses, the lower court carefully followed the procedure of Rule 36. See V.R.C.P. 36. Further, it did so only after granting defendant ample time to educate himself on this rule. We thus find no error on these grounds.

¶ 14. Defendant argues that an award of attorney's fees in this instance was improper. Because defendant did not object to this award below, the claim is waived. *Begin v. Benoit*, 2006 VT 130, ¶ 8, 181 Vt. 553, 915 A.2d 786 (mem.). However, even if this were not the case, the award was proper. Defendant's promissory notes provided for an award of attorney's fees, and the award here, $950, is not excessive for a case that has traversed our entire judicial process. See *Gokey v. Bessette*, 154 Vt. 560, 567, 580 A.2d 488, 493 (1990).

¶ 15. Finally, defendant contends that the trial court's repeatedly adverse determinations show bias in favor of the plaintiff on the part of the lower court. However, adverse rulings alone do not show bias. *DeLeonardis v. Page*, 2010 VT 52, ¶ 30, 188 Vt. 94, 998 A.2d 1072. In addition, far from showing bias, the record shows the court attempted to assist defendant through the legal process. The

court gave leeway to defendant's procedural mistakes, granting second chances in instances where the court could have simply disposed of the matter in plaintiff's favor and even provided guidance in the form of template answers and copies of relevant court rules. Accordingly, we find no basis to disturb the trial court's judgment.

*Affirmed.*

Motion for reargument denied February 10, 2011. Motion for clarification denied February 23, 2011.