*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2013-034

NOVEMBER TERM, 2013

In re Ryan Brink
}  APPEALED FROM:
}
}  Superior Court, Franklin Unit,
}  Civil Division
}
}  DOCKET NO. S227-08 Fc

Trial Judge: Martin A. Maley

In the above-entitled cause, the Clerk will enter:

Petitioner Ryan Brink appeals pro se from a superior court order denying his petition for post-conviction relief. He contends the trial court erred in rejecting his claims that the State failed to disclose potentially exculpatory evidence at trial, and that his trial attorney rendered ineffective assistance of counsel. We affirm.

In State v. Brink, 2008 VT 33, 183 Vt. 603 (mem.), we affirmed petitioner's conviction of sexually assaulting his stepdaughter, who was fourteen years old at the time of the offense, and of enabling her consumption of alcohol. In May 2008, petitioner filed a pro se PCR petition alleging various claims, including ineffective assistance of counsel, and in September 2009, he filed an amended pro se petition. Thereafter, an attorney from the Prisoner's Rights Office informed the trial court that he had reviewed the petition and concluded that it raised no meritorious claims, and would therefore not represent him. 13 V.S.A. § 5233(a)(3). The matter proceeded with petitioner representing himself. Following an evidentiary hearing, the court issued a written decision denying the petition.

On appeal to this Court, petitioner claimed that the Prisoner's Rights Office had failed to review the entire record before denying him representation. With the agreement of the parties, we dismissed the appeal without prejudice and remanded to the trial court with directions to refer the matter to the Prisoner's Rights Office for further review; if the latter remained of the view that representation was not warranted, the trial court's decision would stand. In re Brink, No. 2012-029 (Nov. 1, 2012), 2012 WL 6827297 (unpub. mem.). Following our remand, the trial court issued an amended final judgment, stating that the Prisoner's Rights Office had reviewed the entire record, and had filed a report with the court confirming its view that petitioner's claims lacked merit and did not warrant representation. Accordingly, the court affirmed its earlier judgment. This renewed appeal followed.

Although the claims are difficult to parse, petitioner in essence asserts that the prosecution failed at trial to disclose a police interview of the complainant allegedly showing that the offense occurred while petitioner was incarcerated. Transcribed interviews of the complainant, and the trial transcript, were introduced at the PCR hearing, and revealed the following. In her initial police interview on March 23, 2006, the complainant recalled that the offense had occurred in the "summer" of 2004, nearly two years earlier. The police questioner asked, "you know if it was July or August[?]." The complainant did not answer, but recalled that "it was before [petitioner] went to jail." The police conducted a follow-up interview on April 3, 2006, which petitioner claims was not disclosed to the defense at trial. In this interview, the police officer informed the complainant that petitioner was incarcerated in July and August of 2004, and sought clarification as to the time of the offense. The complainant responded, "It was two years ago, I can't remember that good, you know, I remember it was pretty warm out."

At the PCR hearing, defense counsel testified that he had relied on an alibi defense at trial, specifically that defendant was incarcerated at the time of the offense. The trial transcript confirms this. The State had conceded at trial that petitioner was incarcerated from mid-May 2004 until June of 2005. The complainant testified, however, that the offense occurred a couple of weeks before petitioner went to jail, and that it was the police detective—not herself—who mentioned the months of July or August during her interview. Defense counsel cross-examined the complainant extensively about the timing of the offense. Counsel reminded the complainant that she was interviewed a second time and told by the officer that the offense could not have occurred during the time period she initially claimed. She recalled that she told the officer, "I couldn't really remember because it was like two years ago. I just thought it was around that time." During closing argument, defense counsel emphasized the complainant's initial recollection that the offense occurred during the "summer" of 2004, when petitioner was incarcerated. The State, in response, stressed the complainant's statement that the offense occurred "before [petitioner] went to jail."

Based on this record, the trial court found that petitioner failed to establish that the State withheld evidence, or that defense counsel provided ineffective assistance. The record supports the findings. See In re Quinn, 174 Vt. 562, 563 (2002) (mem.) (noting that "the findings in a post-conviction relief decision will not be disturbed absent clear error"). Defense counsel referred accurately to the interviews of March 26 and April 3, 2006 in cross-examining the complainant, questioned her closely about her initial recollection that the offense had occurred during the "summer," and argued that, if her initial recollection was accurate, petitioner could not have committed the offense. That the jury was unpersuaded by the argument does not demonstrate prosecutorial misconduct or ineffective assistance of counsel rendering the conviction defective. See id. (petitioner's burden in a post-conviction relief proceeding is to "prove by a preponderance of the evidence that a fundamental error rendered his conviction defective"). Petitioner's additional claim that the evidence was insufficient to support the judgment was raised and rejected on appeal, and may not be renewed here. See In re Chandler,

2

2013 VT 10, ¶ 34, ___ Vt. ___ (Dooley, J., concurring) (noting that "post-conviction relief is neither a vehicle for reexamining guilt or innocence nor a substitute for appeal"). Accordingly, we discern no basis to disturb the judgment.

        <u>Affirmed</u>.

                                BY THE COURT:


                                _____
                                John A. Dooley, Associate Justice


                                _____
                                Marilyn S. Skoglund, Associate Justice


                                _____
                                Geoffrey W. Crawford, Associate Justice