*Prouty v. Southwest Vermont Medical Center*, No. 89-2-13 Bncv (Wesley, J., June 15, 2015).
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT

SUPERIOR COURT                                                    CIVIL DIVISION
Bennington Unit                                              Docket No. 89-2-13 Bncv

| Prouty vs. Southwest Vermont Medical Center |
| --- |

**OPINION & ORDER**

Title:           Motion to Deem Certain Facts Admitted
Filer:           Jean Prouty
Attorney:      Timothy M. Andrews
Filed Date:    May 13, 2015
Opposition filed May 29, 2015 by Attorney John D. Bruce

The motion is **GRANTED**.

## Opinion & Order

This wrongful death and medical negligence action comes before the court on a motion to deem admitted certain requests to admit. For the reasons discussed below, the motion is granted.

On February 4, 2014, Plaintiff served requests for Defendant to admit that medical charges from two third parties (Dartmouth-Hitchcock Medical Center and Dartmouth-Hitchcock Clinic) were reasonable. In compliance with Rule 36(a), the requests were served with accompanying copies of the bills documenting the charges. However, before sending them, Plaintiff redacted information regarding the insurance adjustments and payments on the bills. The initial charges for the service (before insurance) did appear on the bills, unredacted.

Defendant timely responded to the requests to admit, but it wrote that it could "neither admit nor deny th[ese] Request[s]." Pl.'s Mot. Deem Certain Facts Admitted 2–3. Defendant explained it believed the bills had been "redacted to remove pertinent information . . . specifically including the amounts of the charges of this provider," so that it did not have the "critical information" required to admit or deny reasonableness. *Id*. In its opposition to the current motion, Defendant further contends that the "reasonableness" of the charges would require "consideration [of] whether the amount that health care provider agrees to accept constitutes the fair market value of the medical bills to be presented to the jury." Opp. Of Def. Sw. Vt. Med. Ctr., Inc., to Pl.'s Mot. Deem 3. In other words, part of Defendant's objection is grounded in a belief the jury should determine the reasonableness of the charges, and it should be permitted to do so based on comparisons between the amount charged by the provider initially

1

and the amount the provider ultimately accepted after negotiations with the patient's insurance company *Id*. See also *Id*. at Ex. C.

Rule 36 allows parties to seek admission of certain facts otherwise discoverable, by sending the opposing party requests to admit. Generally, the opposing party is permitted thirty days to serve an answer which "specifically den[ies] the matter or set[s] forth in detail the reasons why [it] cannot truthfully admit or deny the matter." V.R.C.P. 36(a). The response might also be satisfactory if it "qualif[ies] an answer or den[ies] only a part of the matter," so long as it "specif[ies] so much of it as is true and qualif[ies] or den[ies] the remainder." *Id.* However, the party receiving the request may not object solely on the ground that the matter "presents a genuine issue for trial." *Id*. It must "set forth reasons why the party cannot admit or deny it." *Id.* Ordinarily, if the party does not properly respond within thirty days of service, the requested matters are deemed admitted. See *id.*; *Dartmouth College v. Kozaczek*, 2010 VT 113, ¶ 10, 189 Vt. 593.

Although Defendant did answer within thirty days, its answers were insufficient. First, to the extent the objection was based on a desire for the "reasonableness" issue to go to the jury, that ground is specifically rejected by Rule 36 itself. See *id.* The Rule does not permit objections that a request concerns a genuine issue for trial.

Second, in objecting that the critical information did not appear on the bills provided, Defendant misconstrued the scope of the request. Plaintiff asked only that Defendant admit the amounts *charged* were "fair and reasonable." Pl.'s Mot. Deem Certain Facts Admitted 1–2. She did not ask Defendant to admit that the amounts charged were what the patient ultimately paid or what he was expected to pay. Instead, as the Court understands it, the request asks only whether the column on the bills entitled "Charges" is fair and reasonable when compared to what would appear in a similar column on a comparable facility's bills. Defendant has not provided satisfactory reason why it could not answer this question with the information it had, given that Plaintiff never redacted the "Charges" column from the bills.

Finally, Defendant's argument that the information that was redacted from the bills is essential for determining reasonableness is contrary to the strong weight of persuasive authority in Vermont. Numerous Superior Court and federal judges have squarely considered this precise argument and rejected it on a variety of grounds. See, e.g., *Heco v. Johnson*, No. S08692010 (Vt. Super. Ct., Nov. 1, 2013) (Crawford, J.) (reaffirming court's refusal to allow insurance adjustment evidence on reasonableness inquiry, because refusal was "[c]onsistent with the majority of other trial court rulings" and more in line with the collateral source rule); *Melo v. Allstate Ins. Co*., 800 F. Supp. 2d 596, 601 (D. Vt. 2011) (making reference to Vermont Superior Court opinions and holding the collateral source rule prohibited evidence of insurance adjustments to determine reasonableness); and *Buker v. King*, No. 523-11-05 Wrcv (Vt. Super. Ct. Jun. 23, 2008) (Morris, J.) (rejecting nearly identical argument because, inter alia, it ignored the "well established" rule that the "measure of recovery for medical services necessitated by

tortious conduct is not the cost of services, but their reasonable value," which value "does not depend on whether the plaintiff has actually paid [all or any of] the doctor's bills"). While the Vermont Supreme Court has yet to weigh in, it has denied admissibility of insurance adjustment information in other settings based on the collateral source rule. E.g. *Windsor Sch. Dist. v. State*, 2008 VT 27, 183 Vt. 452. Perhaps even more pertinently, it has done so by favorably citing the case of *Leitinger v. Dbart, Inc.*, 2007 WI 84, 736 N.W. 2d 1, which applied the rule to reject the very argument Defendant has offered in this case. *Windsor Sch. Dist.*, 2008 VT 27 at ¶ 35; *Leitinger*, 2007 WI 84 at ¶ 33–34 (explaining rejection, in part, based on policy: "The collateral source rule ensures that the liability of similarly situated defendants is not dependent on the relative fortuity of the manner in which each plaintiff's medical expenses are financed."). It seems fair to assume the Vermont Supreme Court was aware of *Leitinger*'s greater context and embraced its reasoning in such circumstances, too. See also *Diamondstone v. Anagnostopulos*, No. 547-10-08 Wmcv (Vt. Super. Ct. Aug. 11, 2011) (Wesley, J.). Thus, this Court finds little cause to deviate from the *Leitinger* holding or the multiple state and federal trial opinions on the matter. Reasonableness of medical care charges can—indeed, likely *must*—be assessed without reference to insurance adjustments. The redacted information was not essential for Defendant to directly respond to Plaintiff's request for admissions.

As Defendant's only three reasons for objecting to the requested admissions were inadequate and Defendant has identified no other basis for concluding the charged amounts were not fair and reasonable valuations of the care rendered, the court will deem the requests admitted.

**WHEREFORE**, it is hereby **ORDERED**: Plaintiff's Motion to Deem Certain Facts Admitted is **GRANTED**.

Electronically signed at Bennington this 15th day of June, 2015

