VERMONT SUPERIOR COURT
Orange Unit
5 Court Street
Chelsea VT  05038
802-685-4610
www.vermontjudiciary.org

CIVIL DIVISION
Case No. 23-CV-02848



**John Durkee, Executor of the Estate of H. Blaisdell, Jr. v. Trini Brassard, et al**

## ENTRY REGARDING MOTION

Title:          Motion to have Request for Admission Deemed Admitted (Motion: 14)
Filer:          Daniel Brassard; Brassard Sugarworks and Maple Supply, LLC
Filed Date:     February 14, 2025

The motion is DENIED.

Defendant Daniel Brassard and Brassard Sugarworks and Maple Supply, LLC seeks to have 13 requests to admit propounded on Plaintiff on September 24, 2024 deemed admitted Plaintiff did not provide an answer to the requests until January 24, 2025, approximately 90 days after the requests were due.  Plaintiff has requested relief from the Court to allow its admissions to be withdrawn and amended by the January 24th responses under V.R.C.P. 36(b).

Under V.R.C.P. 36(b), courts have the discretion whether to treat a failure to make a timely response to a party's request to admit should be deemed as an admission.  Specifically, the Court can allow the withdrawal or amendment of an admission to serve the Court's ultimate goal of allowing the parties to present evidence to reach the merits and substance of the dispute.  V.R.C.P. 36(b); see also *Dartmouth Coll. v. Kozaczek*, 2010 VT 113, ¶¶ 11–13 (mem.).

In this case, there are several factors supporting Plaintiff's request.

First the time delay between when the answers were due and when they were received does not appear to have created any prejudice to the parties.  As Plaintiff notes the discovery in this matter remains open and outstanding.  In contrast to the parties in *Dartmouth Coll.* or *Gallipo*, there is no evidence that the delay has led to prejudice.  Id.;  *Gallipo v. City of Rutland*, 2005 VT 83, ¶ 24; see also *In re Shader*, 2011 WL 6739581, at * 2–3 (Bank. D.Vt. 2011) (denying request to amend).  Here the delay was relatively short in the scope of this multi-party litigation that is entering its third year,

and there is no evidence that Defendants relied on the admissions for purposes of a motion or the conduct of discovery for an extended period of time.

Second, several of the requests to admit involve legal questions or issues beyond the scope of V.R.C.P. 26(a). Such requests are not appropriate for requests to admit, which are by rule limited to matters that are relevant to the present litigation, that relate to statements or opinions of fact or of the application of law to fact. V.R.C.P. 36(a).[1]

Third, Plaintiff notes that several of the statements seek admissions to facts that are contradictory to established evidence and are knowing untrue. As noted in *Gallipo*, the Court may permit the withdrawal of admissions where it subserves the presentation of the merits of the action "and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice the party in maintain the action or defense on the merits." 2005 VT 83, at ¶ 25 (quoting V.R.C.P. 36(b)).

## ORDER

For these reasons, the Court **Denies** Defendants' motion to deem the September 24th requests to admit as admitted. The Court **Grants** Plaintiff's request and will permit the withdrawal of the admissions and allow Plaintiff's January 24th answers as amendments permitted under V.R.C.P. 36(b) to the requests.

Electronically signed on 3/1/2025 12:53 PM pursuant to V.R.E.F. 9(d)

Vermont Superior Court
Filed 03/03/25
Orange Unit

Daniel Richardson
Superior Court Judge

---

[1] Plaintiff argues that several of the requests to admit involve genuine issues for trial, but Rule 36(a) expressly deems such issues as fair game for a request to admit. V.R.C.P. 36(a)(" A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may, subject to the provisions of Rule 37(c), deny the matter or set forth reasons why the party cannot admit or deny it."). As such, the Court does not consider the fact that certain questions involve genuine issues to be sufficient or contributing grounds to its decision whether or not to allow Plaintiff's admissions to stand.