## STATE of Vermont, Agency of Transportation v. CITY OF WINOOSKI

[520 A.2d 998]

No. 85-459

December 8, 1986. The City of Winooski moved for summary judgment on both of the issues in the case, and summary judgment was in both instances denied below. The trial court thereupon granted Winooski's motion for an order permitting appeal under V.R.A.P. 5.

The questions certified are as follows:

I. Whether 23 V.S.A. § 1392(13)'s distinction between truck loads of "unprocessed forest products" and other types of truck loads violates the 14th Amendment of the United States Constitution and Chapter I, Articles 1, 4, 7, and 9 of the Vermont Constitution?

II. Whether the State of Vermont's negotiation of Winooski's checks, offered by Winooski and understood by the Agency of Transportation to be offered in full satisfaction of a disputed claim, operates as an accord and satisfaction?

Before questions are certified to the Vermont Supreme Court before final judgment, they should be factually developed to a point susceptible of a determination which has actual application to the situation of the parties. Only those questions should be certified up before judgment which bring with them a framework sufficient to allow this Court to issue a decision which will be pertinent and inevitable in the disposition of the case below. *Powers* v. *State Highway Board*, 123 Vt. 1, 5, 178 A.2d 390, 393 (1962).

Even though the *Powers* case was decided before the adoption of the Vermont Rules of Civil Procedure, its rationale is sound. "The need for a factual record is heightened by the procedural status of this case." *In re Pyramid Co.*, 141 Vt. 294, 304, 449 A.2d 915, 920 (1982). Because we are persuaded that there is a need for factual issue development in this cause, we decline to answer the certified questions.

*Appeal dismissed on the ground that permission to appeal was improvidently granted.*