### State of Vermont v. Michael Dubois

[556 A.2d 86]

No. 88-151

Present: **Allen, C.J., Dooley and Morse, JJ., and Barney, C.J. (Ret.) and Keyser, J. (Ret), Specially Assigned**

Opinion Filed December 23, 1988

*Jane Woodruff, Washington County Deputy State's Attorney,* Barre, for Plaintiff-Appellant.

*Kimberly B. Cheney* and *Wendy Collins* of *Cheney, Brock & Saudek, P.C.,* Montpelier, for Defendant-Appellee.

**Dooley, J.** In this sexual assault case, the State made a motion in limine "to exclude all evidence regarding any past sexual conduct of the alleged victim with her brother" because its admission would violate the rape shield law, 13 V.S.A. § 3255(a)(3). The hearing on the motion revealed that the defense might use evidence described in the motion in a number of ways, most likely to attack the credibility of the brother who had first reported the alleged incident giving rise to the prosecution. It is also agreed between the defendant and the State that the sexual conduct between the brother and the victim came after the alleged sexual assault on the victim by the defendant.

The trial court denied the motion in limine, holding that the evidence could be introduced to impeach the brother without running afoul of the rape shield law. The court's theory was that the evidence could be used to argue that the brother's reporting of an alleged statement by the victim disclosing the sexual assault was made to divert attention from his own criminal conduct. Relying on 13 V,S.A. § 7403(c)(3), the State sought an interlocutory appeal of this ruling arguing that the denial of the motion in limine had the effect of impeding the continuation of the prosecution. The trial court granted the motion, certifying the following question to this Court:

> In a prosecution for sexual assault on a non-family member, is evidence of one or more sexual assaults on the child by a family member, which occurred after the assault being prosecuted, admissible for consideration by the finder of fact for any purpose?

The State objected to the clause "for any purpose" in the question, but the court refused to delete it.

■ Although the parties have briefed the issues in this case as turning on the applicability of the rape shield law, we do not reach those issues. We believe that a discretionary denial of a motion in limine is inappropriate for interlocutory appeal and, therefore, decline to answer the certified question.

■ A motion in limine is a useful device for limiting the issues and evidence prior to trial where that is possible. 1 Weinstein's Evidence § 103[02] (motions in limine may prevent disruptions at trial which could render the proceedings incoherent to the jurors, and generally help the trial judge manage the progress of a trial); Rothblatt & Leroy, *The Motion in Limine in Criminal Trials: A Technique for the Pretrial Exclusion of Prejudicial Evidence*, 60 Ky. L.J. 611, 613-19 (1972). However, as the Iowa Supreme Court emphasized: "[t]he motion should be used, if used at all, as a rifle and not as a shotgun . . . ." *Lewis* v. *Buena Vista Mutual Ins. Ass'n*, 183 N.W.2d 198, 201 (Iowa 1971). See also *Schichtl* v. *Slack*, 293 Ark. 281, 285, 737 S.W.2d 628, 630 (1987) (motions in limine "are not to be used as a sweeping means of testing issues of law"). It is often impossible to make definitive evidentiary rulings prior to trial because admissibility will depend on the state of the evidence at the time of the ruling. *America Home Assur. Co.* v. *Sunshine Supermarket, Inc.*, 753 F.2d 321, 324-25 (3d Cir. 1985).

■ For the above reasons, the denial of a motion in limine is appropriate when the trial court can conceive of a set of circumstances that would make the evidence admissible. Such denial does not, of course, mean that the evidence is admissible. If the evidence is offered during the course of the trial, the party seeking exclusion of the evidence may object at that time. See *American Home Assur.* at 325. Thus, denial of a motion in limine rarely imposes a hardship on the requesting party. See *Rojas* v. *Richardson*, 703 F.2d 186, 188 (5th Cir. 1983).

■ Only in the clearest cases of abuse of discretion — where nothing that could happen in the trial could be relevant to the evidentiary issue involved — would we reverse the denial of a motion in limine that sought the exclusion of evidence. See Gamble, *The Motion in Limine: A Pretrial Procedure that Has Come of Age*, 33 Ala. L. Rev. 1, 15 (1981) (a trial judge's decision "simply to refuse to entertain the motion" is generally "deemed not to

constitute reversible error"). The evidentiary issues in this case are complicated and implicate defendant's confrontation rights as well as the rape shield law. Their exact nature will vary depending upon how the trial unfolds — particularly depending upon the nature of the State's case. There is no abuse of discretion in awaiting the actual offer of evidence to make a ruling.

■ The preliminary and discretionary nature of the ruling here makes this an inappropriate case for interlocutory appeal. As we stated in *State* v. *McCann,* 149 Vt. 147, 152, 541 A.2d 75, 78 (1987), reiterating the earlier holdings in *In re Pyramid Co.,* 141 Vt. 294, 449 A.2d 915 (1982), and *State* v. *City of Winooski,* 147 Vt. 649, 520 A.2d 998 (1986), if the resolution of the issue on appeal may be dictated by the facts that are developed at trial, interlocutory review is improper. In such a case, the question is neither controlling nor will it materially advance the termination of the litigation. See V.R.A.P. 5(b)(1). For these reasons, an interlocutory appeal would normally be improper in a case like this.

■ The State asserts, however, that this case is not governed by the ordinary limits on interlocutory review because it was appealed under 13 V.S.A. § 7403, which allows the State to appeal where a pretrial ruling will "impede seriously . . . continuation of the prosecution." See V.R.A.P. 5(b)(1)(C). Although the State certified pursuant to V.R.A.P. 5(b) that the ruling seriously impeded the continuation of its prosecution, it failed to make any specific allegations why a delay of evidentiary rulings until trial would have this effect. Certainly, that proposition is not self-evident. In the absence of a detailed statement of reasons for the conclusory certification, the trial court could not make the necessary finding to allow an appeal under 13 V.S.A. § 7403 and V.R.A.P. 5(b)(1)(C), and the grant of an interlocutory appeal on that basis was error.

*Appeal dismissed.*