**UNITED STATES of America,**

v.

**Jose Ramon PAREDES, Defendant.**

**No. S2 99 CR 290(PKL).**

United States District Court,
S.D. New York.

Nov. 27, 2001.

## MEMORANDUM ORDER

LEISURE, District Judge.

The government charges the defendant, Jose Ramon Paredes, with two conspiracies, the first of which involves possession with intent to distribute cocaine, heroin, and marijuana, and the second involving the import and export of those same drugs.[1] The government moves, *in limine*, to admit evidence regarding the death of Alex Ortenza, a/k/a "Gordo," who allegedly died as a result of a heroin overdose while making a drug delivery for the defendant. For the reasons set forth below, the government's motion is granted.

## BACKGROUND

The indictment alleges that from at least in or about November 1997, up to and including on or about June 23, 1999, in the

---

1. Although a Grand Jury returned an eight count indictment against Paredes, Miriam Baer, Esq., the Assistant United States Attorney in charge of the prosecution of this case for the government, has indicated to the Court that the government intends to bring only two counts, both for conspiracy, during the prosecution of this case. *See* Indictment of Jose Ramon Paredes, November 6, 2001 (charging Paredes with eight counts involving narcotics and conspiracy offenses).

Southern District of New York and elsewhere, Jose Ramon Paredes and others conspired with the intent to distribute marijuana, cocaine, and heroin. *See* Indictment of Jose Ramon Paredes, November 6, 2001 ("Paredes Indictment"), at Count One. Furthermore, it is alleged that during that same time period Paredes engaged in a conspiracy to import heroin and marijuana into the U.S. from Canada and to export cocaine from the U.S. *See* Paredes Indictment at Count Five.

At trial, the government has indicated that it will offer the testimony of two cooperating witnesses, Virgilio Gonzalez and Carly Charles, who will testify that they were part of the defendant's alleged drug organization, and that they transported cocaine, heroin, and marijuana between the United States and Canada. *See* Government's Motion *in Limine* Regarding Defendant's Other Crimes, November 13, 2001 ("Other Crimes Motion"), at p. 1–2. The government also expects that the cooperating witnesses will testify that Alex Ortenza, a/k/a "Gordo," was a drug courier for the defendant, and that Ortenza died from a heroin overdose while in New York making a drug delivery for the defendant in April of 1998. *See* Government's Motion *in Limine* Regarding Alex Ortenza's Death, November 26, 2001 ("Ortenza Motion"), at p. 1–2.

## DISCUSSION

### I. Motions *in Limine*

 The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *See Luce v. United States,* 469 U.S. 38, 41 n. 4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984) (noting that although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent

authority to manage the course of trials); *Palmieri v. Defaria,* 88 F.3d 136, 141 (2d Cir.1996); *National Union Fire Ins. Co. v. L.E. Myers Co. Group,* 937 F.Supp. 276, 283 (S.D.N.Y.1996). Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds. *See Noble v. Sheahan,* 116 F.Supp.2d 966, 969 (N.D.Ill.2000); *see also Baxter Diagnostics, Inc. v. Novatek Medical, Inc.,* No. 94 Civ. 5520, 1998 WL 665138, at *3 (S.D.N.Y. Sept. 25, 1998) (denying a motion *in limine* to preclude presentation of evidence regarding a potential punitive damages claim because the motion was too sweeping in scope to be considered prior to trial). Indeed, courts considering a motion *in limine* may reserve judgment until trial, so that the motion is placed in the appropriate factual context. *See National Union Fire Ins. Co.,* 937 F.Supp. at 287 (citing *Hawthorne Partners v. AT & T Technologies, Inc.,* 831 F.Supp. 1398, 1400 (N.D.Ill.1993)). Further, the court's ruling regarding a motion *in limine* is "subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant's proffer." *Luce,* 469 U.S. at 41, 105 S.Ct. 460.

### II. Alex Ortenza's Death

 The government plans to introduce testimony that Alex Ortenza died from overdosing on heroin while in New York making a drug delivery for the defendant. *See* Ortenza Motion at p. 1–2. Cooperating witness Virgilio Gonzalez will further testify that the defendant told him that Ortenza's death presented a problem for the defendant because his death might draw attention to the defendant's activities, and that therefore it was important that Ortenza's body be brought back to Canada and buried. *See id.* at 2. The defendant objects to the introduction of

this evidence on Fed.R.Evid. 403 grounds, arguing that the evidence is unfairly prejudicial and potentially inflammatory.

The evidence proffered here is relevant because it tends to show that the defendant paid others to transport drugs between the United States and Canada, and because it shows the defendant's efforts to avoid detection regarding his activities. *See* Fed.R.Evid. 401 (defining relevant evidence as evidence having any tendency to make a fact of consequence to the determination of the action more or less probable than without the evidence); *United States v. Cusack*, 229 F.3d 344, 347–48 (2d Cir. 2000). Even relevant evidence may be held inadmissible, however, if its probative value is substantially outweighed by the danger of unfair prejudice. *See* Fed. R.Evid. 403. The Advisory Committee Note to Fed.R.Evid. 403 explains that unfair prejudice is an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *See Tome v. United States*, 513 U.S. 150, 160, 115 S.Ct. 696, 130 L.Ed.2d 574 (1995) (holding that the Advisory Committee Notes are a helpful guide for interpreting the Federal Rules of Evidence); *see also Old Chief v. United States*, 519 U.S. 172, 180, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997) (holding that "unfair prejudice" in the criminal context refers to the capacity of relevant evidence to lure the factfinder into declaring guilt on grounds different than the offense charged).

▮ There may be some danger that the jury could react unfavorably to the proffered testimony, because Alex Ortenza's death was a result of a drug overdose, and the jury could conjecture that the defendant was in some way responsible.

The government has indicated, however, that it does not intend to elicit evidence suggesting that the defendant intentionally caused Ortenza's death. *See* Ortenza Motion at p. 3. Further, the evidence is highly probative, because it tends to show both the defendant's alleged conspiracy to distribute drugs, and his attempts to avoid detection regarding this alleged conspiracy. Therefore, because the Court concludes that the evidence is highly probative, and the danger of unfair prejudice is not overwhelming, the government's motion is granted. *See Leopold v. Baccarat, Inc.*, 174 F.3d 261, 270 (2d Cir.1999) (upholding admission of evidence where both the probative value and the danger of unfair prejudice were significant, but not overwhelming). The Court invites counsel to provide proposed limiting instructions for submission to the jury with respect to the considerations discussed herein.[2] *See, e.g., United States Football League v. NFL*, 842 F.2d 1335, 1370–71 & n. 23 (2d Cir.1988).

## CONCLUSION

For the reasons set forth above, the government's motion to introduce evidence regarding Alex Ortenza's death is granted.

**SO ORDERED**

---

**2.** The government has informally suggested that the Court instruct the jury that the defendant is not on trial for Alex Ortenza's death, and that the evidence is solely to be considered as to the existence of an alleged drug conspiracy. *See* Ortenza Motion at p. 3.