Filed 10/14/25

VERMONT SUPERIOR COURT

Rutland Unit
83 Center St
Rutland VT 05701
802-775-4394
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-00146

Timothy Johnson et al v. Jeremy Sullivan

## RULING ON PLAINTIFFS' MOTION IN LIMINE

On September 16, 2025, Plaintiffs filed a motion *in limine* "to preclude Defendant from arguing that he is excused from breaching his contract with Plaintiffs because a third party caused the breach." For reasons that follow, the motion is denied.

"A motion *in limine* refers to 'any motion, whether made before or during trial, to exclude anticipated prejudicial *evidence* before the evidence is actually offered.'" *Rosas v. Miri Gen. Contracting Inc.*, 782 F. Supp. 3d 15, 18 (E.D.N.Y. 2025) (emphasis added; quoting *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)). "The whole reason for a motion in limine is to resolve disputed evidentiary issues before trial." *Billings v. Billings*, 2011 VT 116, ¶ 14, 190 Vt. 487, *abrogated by statute on other grounds as recognized in Noble v. Noble*, 2020 VT 105, 213 Vt. 583; *see Rosas*, 782 F. Supp. 3d at 18 ("The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." (omitting quotation marks; citing *Luce*, 469 U.S. at 40 n.2)). Notably, "the motion should be used, if used at all, as a rifle and not as a shotgun," and is "not to be used as a sweeping means of testing issues of law." *State v. Dubois*, 150 Vt. 600, 602 (1988) (omitting internal quotation marks and citations). "Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *Rosas*, 782 F. Supp. 3d at 18 (omitting quotation marks). Thus, "the denial of a motion in limine is appropriate when the trial court can conceive of a set of circumstances that would make the evidence admissible." *Dubois*, 150 Vt. at 602. "Such a denial does not, of course, mean that the evidence is admissible." *Id.*; *see State v. Lyddy*, 2025 VT 1, ¶ 17, 331 A.3d 1026 (same).

By its very terms, Plaintiffs' motion is misdirected—at anticipated legal contentions or argument by opposing counsel, rather than at expected evidence. To the extent Plaintiffs mean by their motion to exclude any evidence that might support Defendant's legal theory—the tort-law based theory that Defendant cannot be held liable for breach of contract because the tree-cutting was done by an independent third party—then the motion is akin to a shotgun rather than a rifle. Indeed, it appears that Defendant's case, as to his liability for breach of contract, will be—first and foremost—that the alleged post-contract cutting never happened at all. In support of that factual position, Defendant will testify that he told Mr. Conway to cease all new cutting (on or around the date of the contract). Defendant's testimony in that regard appears relevant, and certainly not "clearly inadmissible on all potential grounds." *Rosas, supra.* Thus, the Court will not order such testimony precluded *in limine*, simply because it might also be considered supportive of or relevant to a tort-law theory that the Court found to be inapplicable in the context of Defendant's motion for summary judgment on the claim against him for breach of contract.

Moreover, arguments by counsel that do not conform with the evidence, or that are devised to introduce facts to the jury that are not in evidence, are generally policed during trial by way of objections from opposing counsel and court rulings sustaining those objections, if appropriate. The court will not rule on a motion in limine in order to bar counsel from improper legal argumentation. Further, legal argumentation by counsel during a jury trial is generally very limited. The Court, by its final instructions to the jury, explains and declares the applicable law. Counsel may refer to those instructions in their summations but are otherwise not free to get into legal argumentation during the course of trial. For these additional reasons, the Court will not use a motion in limine as a vehicle to pre-empt legal argumentation by counsel, which should be fairly limited to begin with.

The Court notes that the parties' proposed jury instructions are due on November 7, 2025. Given the apparent disagreement between the parties' counsel as to the substance and scope of the Court's prior ruling on summary judgment and given the request for proposed instructions on matters of law, the Court believes that it would be helpful to offer clarity as to the prior ruling.

In Count I of their Complaint, Plaintiffs asserted a claim for breach of contract. In moving for summary judgment on that claim, Defendant argued, *inter alia*, that under "'the general rule set forth in the Restatement (Second) of Torts § 409 . . . the employer of an independent contractor is not liable for physical harm caused to another by an act or omission of the contractor or his servants.'" Def.'s Mot. for Summ. J. (filed Apr. 15, 2025), at 14 (quoting, with other quotation marks omitted, *Fireman's Fund Ins. Co. v. Falco Constr. Corp.*, 493 F. Supp. 2d 143, 146 (D. Mass. 2007)). Defendants also relied upon *Kuligoski v. Rapoza*, 2018 VT 14, 207 Vt. 43, for a similar tort-law principle, that when suing a person in negligence for injuries or losses actually caused by the negligent conduct of another (so-called "vicarious liability"), the plaintiff must prove the existence of an employer-employee relationship between the two persons that warrants imposing liability on the "vicarious" person for the other's negligent conduct. *See* Def.'s Mot. at 14-15.

The Court rejected this line of argument as "inapposite," since it expressly pertains to tort actions involving injuries to persons or property caused by the tortious acts of an independent contractor. The Court stands by its ruling. Plaintiffs' claim for breach of contract is *not* for harms or losses to any property, owned by the Plaintiffs, that were proximately caused by Defendant's (or any other person's) tortious conduct. After all, Plaintiffs never became owners of the subject premises or the trees, and they have never claimed that any of their property was lost or harmed by the negligent acts of Defendant or any other person. Plaintiffs' claim is that a contractual promise made by the Defendant was broken, by his failure to give Plaintiffs' possession of the premises at the time of closing, including certain fixtures, which were defined to include the trees that were there at the time of contracting. [1] That is the context in which to understand the Court's prior ruling. Indeed, since it is the burden of the moving party under Rule 56 to demonstrate that he is entitled to judgment as a matter of law, the Court's ruling should be understood to say that, by his briefing and citations to legal authorities, his burden was not met. Defendant failed to convince the Court that under the applicable law (the law of contracts), he was entitled to judgment.

So Ordered.

---

[1] To be clear, as explained already in the Court's summary judgment ruling, the Plaintiffs' theory is actually anticipatory repudiation, which is form of breach of contract.

Electronically Signed on: Monday, October 13, 2025 pursuant to V.R.E.F. 9(d).

_____
Susan A. McManus
Superior Court Judge